**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4016**

UNITED STATES OF AMERICA,

       Plaintiff - Appellee,

  v.

FRED YAO BOADU,

       Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Deborah K. Chasanow, Senior District Judge. (8:12-cr-00419-DKC-1)

Submitted: December 28, 2015      Decided: February 3, 2016

Before TRAXLER, Chief Judge, and GREGORY and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

William C. Brennan, Jr., BRENNAN MCKENNA, CHARTERED, Greenbelt, Maryland, for Appellant. David Ira Salem, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Fred Yao Boadu of possession with intent to distribute 28 grams or more of cocaine base, 21 U.S.C. § 841(a)(1) (2012) (Count One), possession of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c) (2012) (Count Two); felon in possession of a firearm, 18 U.S.C. § 922(g)(1) (2012) (Count Three); possession of a firearm with an altered serial number, 18 U.S.C. § 922(k) (2012) (Count Four); and possession with intent to distribute cocaine, 21 U.S.C. § 841(a)(1) (Count Five). In October 2013, the district court sentenced Boadu below the Guidelines range to 240 months in prison. In his first appeal, Boadu challenged only his career offender designation and the application of a mandatory minimum sentence. The parties moved to remand the case for resentencing on the ground that Boadu did not qualify for the career offender designation. In July 2014, this court granted the parties' joint motion, vacated the judgment, and remanded to the district court for resentencing. At resentencing in December 2014, the district court noted that Boadu now had a newly calculated lower advisory Sentencing Guidelines range, but that he was subject to a statutory mandatory minimum of 180 months' imprisonment, which Boadu received.

In this second appeal, Boadu's attorney has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967),

2

certifying that there are no meritorious issues for appeal but questioning whether (1) sufficient evidence supports the jury's finding that Boadu possessed 28 grams or more of cocaine base; (2) the district court erred by not severing Count Five; (3) the district court erred by not giving a reasonable doubt instruction; and (4) there was a fatal variance in the indictment because it charged an altered serial number but the evidence showed an obliterated serial number. Boadu has filed a pro se supplemental brief arguing that the state and federal authorities working jointly on his case under Project Exile violated his constitutional rights. The Government has declined to file a response.

Counsel's and Boadu's pro se challenges to his convictions are barred by the mandate rule. "The mandate rule is a specific application of the law of the case doctrine" to cases that have been remanded on appeal. Volvo Trademark Holding Aktiebolaget v. Clark Mach. Co., 510 F.3d 474, 481 (4th Cir. 2007). By limiting subsequent proceedings to only those issues falling within the scope of the appellate court's mandate, the rule ensures that litigants in remanded cases get only one bite at the apple, foreclosing "relitigation of issues expressly or impliedly decided by the appellate court." United States v. Bell, 5 F.3d 64, 66 (4th Cir. 1993).

On appeal, a party waives "any issue that could have been but was not raised" before the appellate court. Doe v. Chao, 511 F.3d 461, 465 (4th Cir. 2007). Because it has not been tendered to the appellate court for decision, an issue that has been waived on an initial appeal is "not remanded" to the district court even if other issues in the case are returned to the court below. Id. Given that a waived argument is not within the scope of the appellate mandate, the mandate rule thus holds that, "where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand." Omni Outdoor Adver. v. Columbia Outdoor Adver., 974 F.2d 502, 505 (4th Cir. 1992) (internal quotation marks omitted). Boadu's failure to challenge his convictions in his first appeal precludes his efforts to challenge them before this court now. Id.

Turning to the sentence, although neither counsel nor Boadu directly challenge the new sentence, under Anders, we review the sentence for reasonableness, applying an abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). This review entails appellate consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the applicable advisory Guidelines range, gave the parties an opportunity to argue for

4

an appropriate sentence, considered the 18 U.S.C. § 3553(a) (2012) factors, and sufficiently explained the selected sentence. Id. at 49-51. If we find no significant procedural error, we examine the substantive reasonableness of a sentence under "the totality of the circumstances." Gall, 552 U.S. at 51. "Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable." United States v. Louthian, 756 F.3d 295, 306 (4th Cir.), cert. denied, 135 S. Ct. 421 (2014). Such a presumption can only be rebutted by a showing that the sentence is unreasonable when measured against the § 3553(a) factors. Id. Here, the district court's imposition of the statutory mandatory minimum is presumptively reasonable. We conclude that Boadu's sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment. This court requires that counsel inform Boadu, in writing, of his right to petition the Supreme Court of the United States for further review. If Boadu requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy of the motion was served on Boadu. We dispense with oral argument because the facts and

legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED